**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DAVID R. HURWITZ, Individually and on Behalf of All Others Similarly Situated, | Case No. 24-cv-1410-MN |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| CAPRI HOLDINGS LIMITED, JOHN D. IDOL, THOMAS J. EDWARDS, JR., TAPESTRY, INC., JOANNE C. CREVOISERAT, and SCOTT A. ROE, | |
| Defendants. | |
| FNY PARTNERS FUND LP, on Behalf of Itself and All Others Similarly Situated, | Case No. 25-cv-116-MN |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| CAPRI HOLDINGS LIMITED, JOHN D. IDOL, THOMAS J. EDWARDS, JR., TAPESTRY, INC., JOANNE C. CREVOISERAT, and SCOTT A. ROE, | |
| Defendants. | |

**OPENING BRIEF IN SUPPORT OF FNY PARTNERS FUND LP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF COUNSEL AND CONSOLIDATION OF <u>RELATED ACTIONS</u>**

**Dated: February 21, 2025**

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
**FARNAN LLP**
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel.: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

EC.00140481.4

*Liaison Counsel for Proposed Lead Plaintiff FNY Partners Fund LP and Proposed Liaison Counsel for the Class*

[Additional counsel listed on signature block]

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................1

NATURE AND STAGE OF PROCEEDINGS .........................................................................2

SUMMARY OF THE ARGUMENT ........................................................................................3

STATEMENT OF FACTS .........................................................................................................3

ARGUMENT ..............................................................................................................................5

I.      FNY IS The Most Adequate Plaintiff ................................................................................5

      A.     FNY's Motion is Timely............................................................................................6

      B.     FNY Believes It Has the Largest Financial Interest in the Relief Sought by the Class.................................................................................................................7

      C.     FNY Satisfies Rule 23's Typicality and Adequacy Requirements.........................7

             1.     FNY's Claims Are Typical of Those of the Class .......................................8

             2.     FNY Will Fairly and Adequately Protect the Interests of the Class ............8

             3.     FNY Is The Ideal Lead Plaintiff to Represent the Class.............................9

II.     FNY'S Selection of Counsel Should Be Approved............................................................10

III.    The Related Actions Should Be Consolidated...................................................................14

CONCLUSION..........................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bardaji v. Match Group, Inc.*,
  No. 23-cv-245 (MN), 2023 WL 3624774 (D. Del. May 24, 2023) ................................... 8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)................................................................................... passim

*Wigginton v. Advance Auto Parts, Inc.*,
  No. 18-cv-212, 2018 WL 5729733 (D. Del. Nov. 2, 2018).................................... 8, 9, 10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................ passim

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995),
  *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)........................................................................ 9

**Rules**

Fed. R. Civ. P. 23 .................................................................................................................. 8

Fed. R. Civ. P. 42 ................................................................................................................ 14

FNY Partners Fund LP ("FNY") respectfully submits this opening brief in support of its Motion to: (1) appoint FNY as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B) (the "PSLRA"); (2) approve FNY's selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") as Lead Counsel for the Class and Chair of an Executive Committee consisting of Robbins Geller Rudman & Dowd LLP and Saxena White P.A., and Farnan LLP ("Farnan") as Liaison Counsel for the Class; (3) consolidate the above-captioned actions and any additional related cases; and (4) grant such other and further relief as the Court may deem just and proper.

## INTRODUCTION

The above-captioned actions (the "Actions") are related securities class action lawsuits concerning the failed merger (the "Capri Acquisition") between Capri Holdings Limited ("Capri") and Tapestry, Inc. ("Tapestry").  The Actions are brought pursuant to Sections 10(b) and 20(a) of the Exchange Act of 1934 ("Exchange Act") on behalf of a class (the "Class") of persons or entities who purchased Capri stock or sold Capri puts between August 10, 2023 and October 24, 2024, both dates inclusive (the "Class Period"), and were damaged as a result of defendants' wrongdoing. Defendants in the Actions include:  (i) Capri; (ii) two of Capri's most senior officers, John Idol and Thomas Edwards, Jr.; (iii) Tapestry; and (vi) two of Tapestry's most senior officers, Joanne Crevoiserat and Scott Roe (collectively, "Defendants").

The PSLRA directs the Court to appoint as Lead Plaintiff the "most adequate plaintiff," *i.e.*, the movant that has demonstrated the "largest financial interest" in the litigation and has also made a prima facie showing that it meets the typicality and adequacy prongs of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cendant*

*Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (describing the PSLRA's process for selecting a lead plaintiff).

FNY respectfully submits that it is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. The motion is timely and FNY's losses of more than $2 million represent the largest known financial interest in the relief sought by the Class.[1] FNY readily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class and because it will fairly and adequately represent the Class. FNY is also an ideal Lead Plaintiff to represent the Class, as it is a sophisticated institution with significant experience investing in publicly traded securities and has experience serving in a leadership role in other complex securities litigation matters.

FNY has also demonstrated its adequacy by retaining experienced and competent counsel to represent the Class. Entwistle & Cappucci has extensive experience in the successful prosecution of securities class actions throughout the country and has already taken affirmative steps to protect the interests of the Class by investigating Defendants' conduct and filing a complaint on behalf of the Class.

Accordingly, FNY respectfully requests the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## NATURE AND STAGE OF PROCEEDINGS

Pending before this Court are two related class actions that assert claims under Sections 10(b) and 20(a) of the Exchange Act brought on behalf of the Class of all shareholders who purchased Capri stock or sold Capri puts between August 10, 2023 and October 24, 2024,

---

[1] *See* Declaration of Michael J. Farnan in Support of FNY Partners Fund LP's Motion for Appointment as Lead Plaintiff, Approval of Selection of Counsel and Consolidation of Related Actions ("Farnan Decl."), Exs. A and B.

inclusive, and were damaged thereby.  Notice was published on *GlobeNewswire* on December 23, 2024 and on *Business Wire* on January 29, 2025, alerting investors to the pendency of the Action and informing them of the February 21, 2025 deadline for seeking appointment as Lead Plaintiff. *See* Farnan Decl., Ex. D.

## SUMMARY OF THE ARGUMENT

The PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  FNY respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because it: (1) timely filed a motion; (2) to the best of its knowledge, has the largest financial interest in the relief sought by the Class; and (3) will fairly and adequately represent the interests of the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  Accordingly, FNY respectfully requests that the Court approve its selection of Entwistle & Cappucci as Lead Counsel and Farnan as Liaison Counsel, for the Class.

## STATEMENT OF FACTS

Capri and Tapestry are global fashion firms that own several well-known brands that manufacture and sell handbags, jewelry and other items.  *Hurwitz* ¶14.[2]  For example, Capri owns the fashion brand Michael Kors, and Tapestry owns brands such as Coach and Kate Spade.  *Id.*

On August 10, 2023, Capri and Tapestry jointly announced their entry into a merger agreement, pursuant to which Tapestry would purchase Capri for $57 per share in cash.  *Hurwitz* ¶16.  The Capri Acquisition would combine three close competitors: Tapestry's Coach and Kate

---

[2] Cites in this section to "*Hurwitz* ¶_" are to the complaint (D.I. 1) in *David R. Hurwitz v. Capri Holdings Ltd.*, No. 1:24-cv-01410 and cites to "*FNY* ¶_" are to the complaint (D.I. 1) in *FNY Partners Fund LP v. Capri Holdings Ltd.*, No. 1:25-cv-00116-MN.

Spade brands and Capri's Michael Kors brand. *Hurwitz* ¶17. Despite apparent antitrust concerns raised by the Federal Trade Commission ("FTC"), Capri and Tapestry repeatedly assured investors following the merger announcement that the proposed transaction would not lessen competition and that they expected to obtain antitrust approval in 2024. *Id.* For example, on April 15, 2024, Defendant Crevoiserat stated that while "[t]he FTC is still reviewing [the Capri Acquisition] . . . we continue to be confident because we know that this is a transaction that is pro-consumer." *FNY* ¶5.

On April 22, 2024, the FTC brought an action to enjoin the Capri Acquisition in the United States District Court for the Southern District of New York and subsequently moved for a preliminary injunction on August 6, 2024. *Hurwitz* ¶19. The FTC alleged, among other things, that Capri and Tapestry competed in the same market for "accessible luxury" handbags and the merger would have an anti-competitive effect in that market. *Id.*

Defendants disputed the FTC's allegations and repeatedly assured investors that the planned transaction was pro-consumer, and that they expected the transaction to close in 2024 despite the FTC action. As an example, on April 22, 2024, Tapestry asserted in a press release that "[t]here is no question that this is a pro-competitive, pro-consumer deal" and that "[w]e have full confidence in the merits and pro-competitive nature of this transaction." *FNY* ¶8. All of Defendants' statements assuring investors that the Capri Acquisition was pro-competitive and would close as planned – both before and after the FTC complaint was filed – were materially false and misleading when made because the statements failed to disclose adverse facts about Capri's business, operations and market dynamics concerning "accessible luxury" handbags, as well as the tenuous prospects for FTC approval of the Capri Acquisition. *FNY* ¶60.

EC.00140481.4                                          4

After a seven-day hearing, on October 24, 2024, Judge Jennifer L. Rochon of the U.S. District Court for the Southern District of New York granted the FTC's motion to preliminarily enjoin the Capri Acquisition. *FNY* ¶61. In doing so, the court determined, among other things, that a substantial body of compelling evidence demonstrated – in contrast to their public statements – that Defendants themselves recognized their brands were direct competitors in a well-defined "accessible luxury handbag market." *Id.* The evidence presented at the hearing before Judge Rochon further demonstrated that Defendants sought to consolidate their prevalent brands in the "accessible luxury" handbag market in order to reduce competition, increase prices and reduce consumer choice within that market. *Id.* ¶60. On this news, the price of Capri stock fell by nearly 50%. *Id.* ¶62. All told, Capri's common stock price declined over 60% during the Class Period as a result of Defendants' material misstatements concerning the Capri Acquisition, thereby causing substantial economic losses for Lead Plaintiffs and the Class. *Id.* ¶12.

## ARGUMENT

### I.    FNY IS THE MOST ADEQUATE PLAINTIFF

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty days of the publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a member of the purported class and shall appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of the entire class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, FNY is the "most adequate plaintiff" to represent the Class because it: (1) timely moved for appointment as Lead Plaintiff; (2) possesses, to its knowledge, the "largest financial interest in the relief sought by the [C]lass;" and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### A.    FNY's Motion is Timely

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the initial notice published on December 23, 2024, alerted investors to the filing of the *Hurwitz a*ction and the February 21, 2025 deadline for seeking appointment as Lead Plaintiff.  *See* Farnan Decl., Ex. C.  Thus, pursuant to the PSLRA, any member of the proposed Class may apply for appointment as Lead Plaintiff within 60 days of

the publication of the notice, *i.e.*, on or before February 21, 2025. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Accordingly, FNY has timely filed its motion to serve as Lead Plaintiff.

**B.    FNY Believes It Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, FNY lost $2,095,410.18 on a "Last-In, First-Out" ("LIFO") basis and $2,118,205.86 on a "First-In, First-Out" ("FIFO") basis. *See* Farnan Decl., Exs. B & C. To the best of its knowledge, FNY has the largest financial interest in this matter and is the presumptive "most adequate plaintiff." *See Cendant*, 264 F.3d at 243 ("The Reform Act establishes a presumption that the class member most capable of adequately representing the interests of class members is the shareholder with the largest financial stake in the recovery sought by the class.") (internal quotation marks and citation omitted).

**C.    FNY Satisfies Rule 23's Typicality and Adequacy Requirements**

In addition to possessing the largest known financial interest in the relief sought by the Class, the lead plaintiff must also satisfy the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a movant may serve as class representative if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  However, at the lead plaintiff stage, a movant need only make a "*prima facie* showing of typicality and adequacy."  *Cendant*, 264 F.3d at 263; *see also Bardaji v. Match Group, Inc.*, No. 23-cv-245 (MN), 2023 WL 3624774, at *2 (D. Del. May 24, 2023) ("At this stage, the Court's inquiry need not be extensive and should only consider whether the movant has stated a *prima facie* case of typicality and adequacy under Rule 23.") (internal quotation and citation omitted).

### 1.    FNY's Claims Are Typical of Those of the Class

The typicality requirement "consider[s] whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based." *Cendant*, 264 F.3d at 265 (internal quotation marks and citations omitted; alterations in original). FNY satisfies the typicality requirement because, just like all other proposed Class members, it: (1) purchased Capri stock during the Class Period at prices that were artificially inflated by Defendants' materially false and misleading statements and omissions; and (2) suffered damages as a result.  Thus, FNY's claims arise from the same conduct as those of the other Class members, making FNY typical of the Class. *See Wigginton v. Advance Auto Parts, Inc.*, No. 18-cv-212-MN, 2018 WL 5729733, at *4 (D. Del. Nov. 2, 2018) (finding that a lead plaintiff movant had satisfied the typicality requirement where its claims were "based on the same conduct and legal theories as the proposed class claims.").

### 2.    FNY Will Fairly and Adequately Protect the Interests of the Class

The adequacy element of Rule 23 is satisfied where a movant establishes that it can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  In evaluating whether a movant satisfies the adequacy requirement, courts consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate

counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Cendant*, 264 F.3d at 265 (citations omitted; alterations in original).

FNY will fairly and adequately represent the Class, given its substantial financial stake in the litigation and its interest in vigorously pursuing claims against Defendants, which aligns with the interests of other Class members that were similarly harmed as a result of Defendants' false and misleading statements.  There is no potential conflict between the interests of FNY and other members of the Class, and FNY is fully committed to vigorously pursuing the claims on behalf of the Class.  *See Advance Auto Parts*, 2018 WL 5729733, at *4-5 (finding that a lead plaintiff movant had satisfied the adequacy requirement because it had "a clear incentive to pursue the present claims against Defendants vigorously," had "retained adequate counsel to represent the entire class" and there was "no evidence of any conflicts between [the movant's] claims and those of the proposed class").

FNY has already taken significant steps that demonstrate it will protect the interests of the Class, including the filing of a complaint.  Moreover, FNY has retained competent and experienced counsel to prosecute these claims and to investigate further the facts giving rise to these Actions. FNY's proposed Lead Counsel and Liaison Counsel are highly qualified, experienced in the prosecution of class actions involving federal and state securities law claims, and able to successfully conduct this complex litigation in a professional manner.

### 3.    FNY Is The Ideal Lead Plaintiff to Represent the Class

FNY has the ability, resources and incentive to vigorously represent the claims of the Class and supervise Class counsel.  Moreover, FNY also satisfies the PSLRA's goal of encouraging institutional investors to "take the reins" in securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 755 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist

courts by improving the quality of representations in securities class actions"). Appointing FNY as the Lead Plaintiff for the Class would satisfy the PSLRA's aim of having the plaintiff class represented by institutional investors with a significant stake in the outcome of this litigation.

FNY also has significant experience representing classes of investors in complex securities actions. For example, FNY recently served as the lead plaintiff in *In re Alta Mesa Resources, Inc. Securities Litigation*, No. 19-cv-00957 (S.D. Tex.), which settled during the jury trial for $126.3 million. FNY oversaw all aspects of the litigation, participated in discovery and was prepared to testify had the trial continued.

## II.    FNY'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274 ("[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices."). Here, FNY has selected and retained Entwistle & Cappucci to serve as Lead Counsel for the Class and Chair of an Executive Committee consisting of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Saxena White P.A. ("Saxena White") and Farnan to serve as Liaison Counsel for the Class. FNY's selection of counsel should be approved. *See*, *e.g.*, 15 U.S.C. § 78u-4(a)(3)(B)(v); *Advance Auto Parts*, 2018 WL 5729733, at \*6 (finding "no basis . . . to disturb the PSLRA's 'strong presumption' in favor of a lead plaintiff's selection and retention of counsel"); *see also* Farnan Decl., Ex D, E and F.

Entwistle & Cappucci recently served as co-lead counsel representing the class and FNY as the Lead Plaintiff in *In re Alta Mesa Resources, Inc. Securities Litigation*, No. 19-cv-00957 (S.D. Tex.). The *Alta Mesa* case, which asserted claims pursuant to Sections 10(b), 14(a) and 20(a) of the Exchange Act in connection with the downfall of Alta Mesa Resources shortly after it went public through a merger with a Special Purpose Acquisition Company ("SPAC"), is one of

the few securities class actions to reach trial in recent years.  The $126.3 million settlement is the largest recovery ever on behalf of investors in a SPAC.

As reflected in its firm resume, Entwistle & Cappucci possesses extensive experience litigating securities class actions, having successfully prosecuted some of the largest and highest-profile securities class actions in history (*See* Farnan Decl., Ex. D).  Entwistle & Cappucci has distinguished itself as one of the nation's premier complex litigation firms, and currently serves as Lead Counsel in numerous high-profile securities class actions pending throughout the country.

Additional cases in which Entwistle & Cappucci has served in a leadership capacity and obtained significant recoveries on behalf of the respective classes include:

- *Cobalt International Energy, Inc. Securities Litigation*, 14-cv-3428 (NFA) (S.D. Tex.), in which Entwistle & Cappucci prosecuted federal securities law claims against oil and gas company Cobalt International Energy, Inc. and related defendants.  Entwistle & Cappucci served as co-lead counsel and recovered $169.35 million in cash, in addition to $220 million payable from director and officer liability policies that is currently being litigated on behalf of a class of investors;

- *San Antonio Fire & Police Pension Fund v. Dole Food Company, Inc.*, No. 15-cv-1140 (D. Del.), in which Entwistle & Cappucci was appointed co-lead counsel in a securities class action brought on behalf of former investors in Dole Food Company, Inc.  The action alleged a fraudulent scheme to artificially depress the price of Dole's common stock and resulted in a $74 million settlement for the class of Dole investors.

- *In re MF Global Holdings Ltd. Investment Litigation*, No. 1:12-md-02338-VM (S.D.N.Y.), in which Entwistle & Cappucci – appointed co-lead counsel for the worldwide class of commodities investors – worked with the trustee appointed under the Securities Investor Protection Act to recover all $1.6 billion in net equity lost by commodity customers after the collapse of MF Global;

- *In re Royal Ahold NV Securities Litigation*, No. 1:03-md-01539-CCB (D. Md.), in which Entwistle & Cappucci served as lead counsel representing the Public Employees' Retirement Association of Colorado as lead plaintiff, recovering a $1.1 billion settlement of the action, representing approximately 40% of estimated provable damages; and

EC.00140481.4                                11

- *In re Pattern Energy Grp. Inc. Sec. Litig*, No. 20-275-MH-JLH (D. Del.), where Entwistle & Cappucci, co-lead counsel on behalf of investors in a federal action concerning the dissemination of a false and misleading proxy statement in connection with the merger of Pattern Energy and Canada Pension Plan Investment Board, negotiated a $100 million settlement of claims jointly with the plaintiffs in a related action pending in the Delaware Court of Chancery.

Both Robbins Geller and Saxena White also have significant experience representing investors in securities class actions. *See* Farnan Decl., Ex. E and F.

Robbins Geller, a 200-attorney nationwide law firm with an office in this District, regularly practices complex securities litigation. Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence and appointed Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.[3]  *See* Farnan Decl., Ex. E

Likewise, Saxena White has secured substantial recoveries on behalf of investor classes while serving as lead counsel in securities class actions throughout the country, including in this District, and maintains an office in this District.[4]  *See* Farnan Decl., Ex. F.

---

[3] Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth and Eleventh Circuits. *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc*., No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

[4] Saxena White's experience includes the $210 million recovery for the investor class in *In re Wilmington Trust Securities Litigation*, No. 1:10-cv-00990-ER (D. Del.); the $135 million recovery in *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, No. 1:17-cv-00304-WJM-NRN (D. Colo.); the $73 million recovery in *In re Rayonier Inc. Securities Litigation*, No. 3:14-cv-01395-TJC-JBT (M.D. Fla.); the $65 million recovery in *In re Apache Corp. Securities*

Additionally, the Farnan firm has extensive experience representing plaintiffs in high-stakes patent, antitrust and securities cases.   Farnan has been appointed liaison counsel in numerous matters and its extensive experience makes it a sensible selection for Liaison Counsel in this case.  *See* Farnan Decl., Ex. G.

FNY has confirmed with all proposed counsel that efforts will be made to streamline all work product and avoid duplication.   Indeed, Entwistle & Cappucci and Robbins Geller successfully represented FNY as a lead plaintiff in the *Alta Mesa* action, which Entwistle & Cappucci and Robbins Geller settled for $126.3 million after three weeks of jury trial.  FNY further understands that Entwistle & Cappucci and Saxena White are currently serving as co-lead counsel in several securities class actions in this District, where they are prosecuting claims both efficiently and effectively.  *See, e.g.*, *In re EngageSmart, Inc. Securities Litigation*, C.A. 24-cv-1083-RGA; and *In re Focus Financial Partners, Inc. Securities Litigation*, C.A. No. 23-1466-MN.

Thus, the Court may be assured that Entwistle & Cappucci, Robbins Geller, Saxena White and Farnan would provide the highest caliber of legal representation available to the Class. Accordingly, FNY's selection of counsel should be approved.

---

*Litigation*, No. 4:21-cv-00575 (S.D. Tex.); the $63 million recovery in *Plymouth County Retirement System v. Patterson Companies Inc.*, No. 0:18-cv-00871 (D. Minn.); the $55 million recovery in *Leventhal v. Chegg, Inc.*, No. 5:21-cv-09953-PCP (N.D. Cal.) (pending final approval); the $53.3 million recovery in *Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 1:04-cv-07644 (N.D. Ill.); the $50 million recovery in *In re HD Supply Holdings, Inc. Securities Litigation*, No. 1:17-cv-02587-ELR (N.D. Ga.); the $35 million recovery in *City of Hollywood Police Officers' Retirement System v. Henry Schein, Inc.*, No. 19-cv-5530 (E.D.N.Y.); the $31.9 million recovery in *In re Perrigo Company plc Securities Litigation*, No. 19-cv-70 (S.D.N.Y.); the $30 million recovery in *In re James River Holdings Ltd. Securities Litigation*, No. 3:21-cv-00444 (E.D. Va.); the $30 million recovery in *City of Miami Fire Fighters' & Police Officers' Retirement Trust v. Cerence Inc.*, No. 1:22-cv-10321 (D. Mass.) (pending final approval); the $28.5 million recovery in *In re FibroGen Inc. Securities Litigation*, No. 3:21-cv-02623 (N.D. Cal.); the $28 million recovery in *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corp.*, No. 2:20-cv-00856 (S.D. Ala.); and the $17.5 million recovery in *Teamsters Local 456 Pension Fund v. Universal Health Services Inc.*, No. 2:17-cv-02817 (E.D. Pa.).

EC.00140481.4                                        13

**III.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."   Fed. R. Civ. P. 42(a).   Importantly, the PSLRA contemplates consolidation if "more than one action on behalf of a class asserting substantially the same claim" has been filed.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

Here, the two Actions assert related claims on behalf of the same putative class against similar defendants.  Because the Actions involve common legal and factual questions, the same discovery and legal issues will be relevant to all related actions.  Accordingly, the Court should consolidate these cases.

<u>**CONCLUSION**</u>

For the reasons stated herein, FNY respectfully requests that the Court: (1) appoint FNY as Lead Plaintiff for the Class; (2) approve FNY's selection of Entwistle & Cappucci as Lead Counsel for the Class and Chair of an Executive Committee consisting of Robbins Geller and Saxena White, and Farnan as Liaison Counsel for the Class; (3) consolidate the actions captioned *Hurwitz v. Capri Holdings Ltd.*, No. 1:24-cv-01410-MN (D. Del.), and *FNY Partners Fund LP v. Capri Holdings Ltd.*, No. 1:25-cv-00116-MN (D. Del.), and any additional related cases; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  February 21, 2025                          Respectfully submitted,

                                        **FARNAN LLP**

                                        <u>*/s/ Michael J. Farnan*</u>
                                        Brian E. Farnan (Bar No. 4089)
                                        Michael J. Farnan (Bar No. 5165)
                                        919 North Market Street, 12th Floor
                                        Wilmington, DE 19801
                                        Tel.: (302) 777-0300
                                        Fax: (302) 777-0301
                                        bfarnan@farnanlaw.com
                                        mfarnan@farnanlaw.com

EC.00140481.4                            14

*Liaison Counsel for Proposed Lead Plaintiff*
*FNY Partners Fund LP and Proposed*
*Liaison Counsel for the Class*

Vincent R. Cappucci (*pro hac vice* forthcoming)
Robert N. Cappucci (*pro hac vice* forthcoming)
**ENTWISTLE & CAPPUCCI LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Telephone: (212) 894-7200
Facsimile: (212) 894-7272
vcappucci@entwistle-law.com
rcappucci@entwistle-law.com

-and-

Andrew J. Entwistle (*pro hac vice*
forthcoming)
Callie D. Crispin (*pro hac vice* forthcoming)
**ENTWISTLE & CAPPUCCI LLP**
500 West 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (512) 710-5960
Facsimile: (212) 894-7278
aentwistle@entwistle-law.com
ccrispin@entwistle-law.com

*Counsel for Proposed Lead Plaintiff FNY*
*Partners Fund LP, Proposed Lead Counsel*
*for the Class and Chair of Executive*
*Committee for the Class*

David A. Knotts (*pro hac vice* forthcoming)
Michael Albert (*pro hac vice* forthcoming)
**ROBBINS GELLER RUDMAN**
 **& DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
dknotts@rgrdlaw.com
malbert@rgrdlaw.com

*Proposed Executive Committee Member for*
*the Class*

EC.00140481.4                              15

Marco A. Dueñas (*pro hac vice* forthcoming)
**SAXENA WHITE P.A.**
10 Bank Street, Ste. 882
White Plains, New York 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
Email: mduenas@saxenawhite.com

*Proposed Executive Committee Member for the Class*