**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| DAVID R. HURWITZ, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-01410-MN |
| Plaintiff, | |
| v. | |
| CAPRI HOLDINGS LIMITED, JOHN D. IDOL, THOMAS J. EDWARDS, JR., TAPESTRY, INC., JOANNE C. CREVOISERAT, and SCOTT A. ROE, | |
| Defendants. | |
| FNY PARTNERS FUND LP, on Behalf of Itself and All Others Similarly Situated, | Case No. 1:25-cv-00116-MN |
| Plaintiff, | |
| v. | |
| CAPRI HOLDINGS LIMITED, JOHN D. IDOL, THOMAS J. EDWARDS, JR., TAPESTRY, INC., JOANNE C. CREVOISERAT, and SCOTT A. ROE, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BYUNGJOON JEON FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

## PRELIMINARY STATEMENT

Byungjoon Jeon ("Jeon") respectfully moves this Court for consolidation of the above captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for approval of his selection of counsel on behalf of a putative class of purchasers of Capri Holdings Limited securities (as defined below).

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff, and provides a presumption that the person with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Jeon believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Jeon satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Jeon respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Jeon's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Phillips, McLaughlin & Hall, P.A. ("PMH") as Liaison Counsel for the class should be approved because GPM has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

1

## I.    FACTUAL BACKGROUND

This is a class action on behalf of all persons and entities who purchased or otherwise acquired Capri Holdings Limited ("Capri" or the "Company") stock or sold puts between August 10, 2023 and October 24, 2024, inclusive (the "Class Period")

Capri is a global fashion firm that describes itself as a "leading New York-based house of accessible luxury accessories and lifestyle brands." Capri's three primary fashion brands and business segments are Michael Kors, Jimmy Choo, and Versace.

The complaint filed in this action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the accessible luxury handbag market is a distinct and well-defined market within the overall handbag market and understood as such by the Individual Defendants, as well as by other Capri and Tapestry executives; (2) that Capri and Tapestry maintained analogous production facilities and supply chains for their accessible luxury handbags that were distinct from the production facilities and supply chains used to manufacture luxury or mass market handbags, confirming that the accessible luxury handbag market is distinct from the mass market and luxury handbag markets; (3) that Capri and Tapestry internally considered Coach and Michael Kors to be each other's closest and most direct competitors; (4) that, conversely, Capri and Tapestry did not internally consider their handbag brands to be in direct competition with luxury handbags or mass market handbags; (5) that a primary internal rationale for the Capri Acquisition was to consolidate prevalent brands within the accessible luxury handbag market so as to reduce competition, increase prices, improve profit margins, and reduce consumer choice within that market; and (6) that, as a result of the foregoing, the risk of adverse regulatory actions and/or the Capri Acquisition being blocked was materially higher than represented by defendants;

and (7) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On October 24, 2024, a United States District Court determined that Capri's merger with Tapestry, Inc. ("Tapestry") would hurt competition and granted the Federal Trade Commission's ("FTC") motion for preliminary injunction, blocking the merger.

On this news, Capri's stock price fell $20.34, or 48.9%, to close at $21.26 per share on October 25, 2024, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Jeon and other class members have suffered significant losses and damages.

## II.    PROCEDURAL BACKGROUND

On December 23, 2024, Plaintiff David R. Hurwitz commenced a class action lawsuit in this District against Capri and certain of its officers, captioned *Hurwitz v. Capri Holdings Limited, et al.*, Case No. 1:24-cv-01410-MN (the "*Hurwitz* Action").

On January 28, 2025, Plaintiff FNY Partners Fund, LP commenced a second substantially identical action against Capri in this District captioned *FNY Partners Fund, LP v. Capri Holdings Limited, et al.*, Case No. 1:25-cv-00116-MN (the "*FNY Partners* Action," and together with the *Hurwitz* Action, the "Related Actions").

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal conclusions. Each action alleges violations of

3

the Exchange Act, each presents the same or similar theories for recovery and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Dutton v. Harris Stratex Networks, Inc.*, No. 08-cv-755, 2009 WL 1598408, at *1 (D. Del. August 5, 2009) (consolidating actions where they "involve the same Defendants" and "involve[] nearly identical allegations regarding materially false and misleading statements").

### B.      Jeon Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Jeon satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Jeon has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Jeon is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Jeon respectfully submits that he should be appointed lead plaintiff.

### 1.      Jeon Filed a Timely Motion

On December 23, 2024, pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, notice was published in connection with this action. *See* Declaration of John C. Phillips, Jr. ("Phillips Decl."), Ex. A. Therefore, Jeon had sixty days (*i.e.*, until February 21, 2025) to file a motion to be appointed as Lead Plaintiff. As a purchaser of Capri stock during the Class Period, Jeon is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Jeon attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Phillips Decl., Ex. B. Accordingly, Jeon satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2.      Jeon Has the Largest Financial Interest

The PSLRA requires a court adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Jeon believes that

he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Jeon purchased Capri shares during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of $77,936.22. *See* Phillips Decl., Ex. C. To the best of his knowledge, Jeon is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Jeon believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Jeon Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the relevant inquiry is whether the movant has made a *prima facie* showing of typicality and adequacy. *See Wigginton v. Advance Auto Parts, Inc.*, No. 18-cv-212, 2018 WL 5729733, at *4 (D. Del. Nov. 2, 2018).

### a)   Jeon's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Merck & Co., Inc. Sec.*, No. 05-cv-1151, 2013 WL 396117, at *5 (D.N.J. Jan. 30, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*. at *7; *see also Wigginton*, 2018 WL 5729733, at *4.

Jeon's claims are typical of the claims asserted by the proposed class. Like all members of the class, Jeon alleges that Defendants' material misstatements and omissions concerning Capri's business, operations, and financial prospects violated the federal securities laws. Jeon, like all members of the class, purchased Capri shares in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Jeon's interests and claims are "typical" of the interests and claims of the class.

### b)   Jeon Is an Adequate Representative

The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Wigginton*, 2018 WL 5729733, at *4; *see also In re Pharmaprint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 WL 31056813, at *6 (D.N.J. Apr. 17, 2002).

Jeon has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Phillips Decl., Ex. C. Jeon is also not aware of any conflict between his claims and those asserted on behalf of the class. Jeon resides

in Collierville, Tennessee, and has been managing his own investments for more than 10 years. He is a self-employed retail investor and he has a bachelor's degree from Cornell University. As such, Jeon is well-equipped to represent the class and should be appointed as lead plaintiff.

C.     **The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel." *Wigginton*, 2018 WL 5729733, at *6 (quoting *Cendant*, 264 F.3d at 276). Here, Jeon has selected GPM as lead counsel and PMH as liaison counsel. GPM has successfully prosecuted numerous securities class actions on behalf of injured investors. As reflected by the firm's résumé, *see* Phillips Decl., Ex. D, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Jeon's selection of counsel.

**IV.    CONCLUSION**

For the foregoing reasons, Jeon respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Related Actions (2) appointing Jeon as lead plaintiff; (3) approving Jeon's selection of GPM as lead counsel and PMH as liaison counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

DATED: February 21, 2025                           Respectfully submitted,

                                                   **PHILLIPS, MCLAUGHLIN & HALL, P.A.**

                                                   By: */s/ John C. Phillips, Jr.*
                                                   John C. Phillips, Jr. (No. 110)
                                                   1200 North Broom Street
                                                   Wilmington, Delaware 19806
                                                   Telephone: (302) 655-4200
                                                   Facsimile: (302) 655-4210

Email: JCP@PMHDELaw.com

*Liaison Counsel for Lead Plaintiff Movant
Byungjoon Jeon and Proposed Liaison Counsel for
the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
　　　clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Byungjoon Jeon
and Proposed Lead Counsel for the Class*

9