**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
|  | Case No. 1:24-cv-01410-SB |
|  | <u>CLASS ACTION</u> |
| IN RE CAPRI HOLDINGS LTD. SECURITIES LITIGATION |  |

**<u>REPLY BRIEF IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE BY
DEFENDANTS TAPESTRY, INC., JOANNE C. CREVOISERAT, AND SCOTT A. ROE</u>**

**Of Counsel:**

Timothy Perla
Sonia Sujanani
WILMER CUTLER PICKERING
  HALE & DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 233-6766
timothy.perla@wilmerhale.com
sonia.sujanani@wilmerhale.com

Jessica Lewis
WILMER CUTLER PICKERING
  HALE & DORR LLP
2600 El Camino Real
Palo Alto, CA 94306
Telephone: (628) 235-1160
jessica.lewis@wilmerhale.com

October 27, 2025

Thomas A. Uebler (#5074)
Terisa A. Shoremount (#7113)
MCCOLLOM D'EMILIO SMITH
  UEBLER LLC
2751 Centerville Road, Suite 401
Wilmington, DE 19808
Telephone: (302) 468-5960
tuebler@mdsulaw.com
tshoremount@mdsulaw.com

*Counsel for Defendants Tapestry, Inc.,
Joanne C. Crevoiserat, and Scott A. Roe*

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 1

    I.    Plaintiff's Opposition To The Tapestry Defendants' Supposed "Submission of Extraneous Documents" Is Unsupported As A Matter of Law ...................................................................................................... 1

    II.    Plaintiff Concedes Forty-Two Of The Tapestry Defendants' Fifty-One Exhibits Are Properly Before The Court ............................................... 2

    III.    The Remaining Nine Exhibits Are Incorporated By Reference And/Or Judicially Noticeable............................................................................. 2

        A.    Six Exhibits (6, 7, 14, 27, 36, and 46) Are Both Incorporated By Reference And Judicially Noticeable...................................... 2

        B.    Two Exhibits (13 and 15) Are Incorporated by Reference................... 7

        C.    One Exhibit (9) is Judicially Noticeable ........................................ 10

CONCLUSION............................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Alger Dynamic Opportunities Fund v. Acadia Pharms., Inc.*,
  756 F. Supp. 3d 852 (S.D. Cal. 2024)............................................................................8, 10

*Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*,
  435 F.3d 396 (3d Cir. 2006)........................................................................................4, 5

*Behrens v. Arconic, Inc.*,
  429 F. Supp. 3d 43 (E.D. Pa. 2019) ................................................................................4

*Chapman v. Fennec Pharms. Inc.*,
  2021 WL 7209981 (M.D.N.C. Dec. 16, 2021) ................................................................3

*Conductive Techs., Inc. v. PNC Bank, Nat'l Assoc.*,
  737 F. Supp. 3d 270 (M.D. Pa. 2024) .............................................................................9

*Dang v. Amarin Corp. plc*,
  750 F. Supp. 3d 431 (D.N.J. 2024) ..................................................................................4

*Doe v. Princeton Univ.*,
  30 F.4th 335 (3d Cir. 2022) .............................................................................................3

*ECB USA, Inc. v. Chubb Ins. Co. of N.J.*,
  2021 WL 9219452 (S.D. Fla. Nov. 15, 2021)...............................................................6, 7

*Favell v. Univ. of S. Cal.*,
  2023 WL 10406551 (C.D. Cal. July 5, 2023)...................................................5, 6, 7, 10

*Hall v. Johnson & Johnson*,
  2019 WL 7207491 (D.N.J. Dec. 27, 2019) ...............................................................4, 10

*In re Amarin Corp. PLC Sec. Litig.*,
  2021 WL 1171669 (D.N.J. Mar. 29, 2021)................................................................4, 6, 7

*In re Egalet Corp. Sec. Litig.*,
  340 F. Supp. 3d 479 (E.D. Pa. 2018) ...........................................................................4, 6

*In re Hertz Global Holdings, Inc. Sec. Litig.*,
  2015 WL 4469143 (D.N.J. July 22, 2015)........................................................................9

*In re Merck Co., Inc., Sec. Derivative & Erisa Litig.*,
  2006 WL 8460903 (D.N.J. Jan. 20, 2006) ...................................................................1, 5

ii

*In re NAHC, Inc. Sec. Litig.*,
306 F.3d 1314 (3d Cir. 2002)...................................................................................1

*In re New Century TRS Holdings, Inc.*,
502 B.R. 416 (D. Del. 2013).....................................................................................4

*In re PTC Therapeutics, Inc. Sec. Litig.*,
2017 WL 3705801 (D.N.J. Aug. 28, 2017) ..............................................................4

*In re Snap Inc. Sec. Litig.*,
2018 WL 2972528 (C.D. Cal. June 7, 2018) .............................................................4

*In re Thoratec Corp. Sec. Litig.*,
2006 WL 1305226 (N.D. Cal. May 11, 2006)...........................................................4

*John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*,
119 F.3d 1070 (3d Cir. 1997).....................................................................................2

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......................................................................3, 4, 5, 7, 9

*Pampena v. Musk*,
705 F. Supp. 3d 1018 (N.D. Cal. 2023) ....................................................................8

*Pirani v. Netflix, Inc.*,
710 F. Supp. 3d 756 (N.D. Cal. 2024).......................................................................8

*Robeco Capital Growth Funds SICAV – Robeco Global Consumer Trends v.
Peloton Interactive, Inc.*,
665 F. Supp. 3d 522 (S.D.N.Y. 2023)........................................................................3

*Schmidt v. Skolas*,
770 F.3d 241 (3d Cir. 2014).......................................................................................3

*Schultz v. Midland Credit Mgmt., Inc.*,
2019 WL 2083302 (D.N.J. May 13, 2019) ...............................................................6

*Shupe v. Rocket Companies, Inc.*,
660 F. Supp. 3d 647 (E.D. Mich. 2023).....................................................................4

*Takata v. Riot Blockchain, Inc.*,
2023 WL 7133219 (D.N.J. Aug. 25, 2023) .............................................................10

**FEDERAL RULES**

Fed. R. Evid. 201(b)...............................................................................................3, 4

MDSU 10518120.v1

**INTRODUCTION**

Plaintiff's opposition to the Tapestry Defendants' Corrected Request for Judicial Notice in Support of Motion to Dismiss (D.I. 50) ("Tapestry RJN") essentially concedes that all but nine of the Tapestry Defendants' exhibits are properly before the Court. As to the nine at issue, Plaintiff selectively cites statements from documents outside the Complaint, while at the same time seeking to exclude additional parts of the very same documents.[1] Courts reject such tactics. Each challenged exhibit is incorporated by reference, judicially noticeable, or both—and is cited for a proper, well-established purpose. The Court should grant the Tapestry Defendants' Request for Judicial Notice.

**ARGUMENT**

**I.     Plaintiff's Opposition To The Tapestry Defendants' Supposed "Submission of Extraneous Documents" Is Unsupported As A Matter of Law**

Plaintiff styles its opposition in part as an "Opposition to [Tapestry] Defendants' . . . Submission of Extraneous Documents" and urges the Court to reject the Tapestry Defendants' exhibits based solely on their volume. *See* D.I. 59 at 1–2. Notably, Plaintiff cites no authority suggesting that volume, rather than substance, determines the Court's ability to consider them on a motion to dismiss. Nor could it. Courts routinely consider extensive sets of documents in securities fraud cases, evaluating each exhibit on its own merits. *E.g.*, *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (affirming judicial notice of forty-one exhibits); *In re Merck Co., Inc., Sec. Derivative & Erisa Litig.*, 2006 WL 8460903, at *3–6 (D.N.J. Jan. 20, 2006) (172 exhibits). The relevant inquiry is not quantity, but whether each document is

---

[1] All defined terms used in the Tapestry Defendants' Corrected Opening Brief in Support of Motion to Dismiss (D.I. 49) ("Opening Brief") apply herein. All paragraph references refer to the Amended Complaint. D.I. 32. Citations to Exhibits refer to D.I. 50-2 through D.I. 50-13.

1

properly before this Court.  Each of the Tapestry Defendants' proposed exhibits satisfies the relevant requirements and should be considered in this motion.

## II.    Plaintiff Concedes Forty-Two Of The Tapestry Defendants' Fifty-One Exhibits Are Properly Before The Court

Although Plaintiff spills considerable ink opposing the Tapestry Defendants' request for judicial notice, its brief meaningfully challenges *nine* of the fifty-one exhibits.  Forty-two exhibits are either wholly uncontested or mentioned absent any substantive argument.

*First*, thirty-six exhibits are entirely unchallenged.  Plaintiff does not dispute Exhibits 1–5, 8, 10, 11, 16–19, 24–26, 28–35, 38–45, or 47–51.  D.I. 59 at 4 (conceding that "the Court may judicially notice these documents").  These exhibits are therefore conceded.

*Second*, Plaintiff references six additional exhibits—Exhibits 12, 20–23, and 37—in passing, grouping them with other challenged materials without any legal analysis or specific legal argument for exclusion.  *See* D.I. 59 at 2, 6–7, 16–17 (citing these exhibits but failing to make any argument).  As the Third Circuit has made clear, "arguments raised in passing . . . but not squarely argued, [are] considered waived."  *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (Alito, J.).  Plaintiff has therefore waived objections to forty-two of the fifty-one exhibits.[2]

## III.   The Remaining Nine Exhibits Are Incorporated By Reference And/Or Judicially Noticeable

### A.    Six Exhibits (6, 7, 14, 27, 36, and 46) Are Both Incorporated By Reference And Judicially Noticeable

Exhibits 6, 7, 14, 27, 36, and 46, news articles and analyst reports, are both incorporated by reference and judicially noticeable.

---

[2] In any event, these exhibits are properly incorporated and judicially noticeable.  *See* D.I. 50 at 2–5, 7–8.

*First*, Plaintiff does not contest that these exhibits are incorporated by reference.  Nor could it.  Documents are incorporated by reference when they are either integral to or relied upon in framing the complaint.  *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).  The Court may treat documents incorporated by reference "as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).[3]  Courts routinely incorporate news articles and analyst reports that contain challenged statements.  *See, e.g.*, *Robeco Capital Growth Funds SICAV – Robeco Global Consumer Trends v. Peloton Interactive, Inc.*, 665 F. Supp. 3d 522, 541 (S.D.N.Y. 2023) (incorporating by reference documents that "reveal that the challenged statements were entirely consistent with Peloton's actual financial results"); *Chapman v. Fennec Pharms. Inc.*, 2021 WL 7209981, at *4 (M.D.N.C. Dec. 16, 2021) (incorporating by reference documents containing challenged statements "because they contain the foundation for [the] [c]omplaint").  Here, each of the six exhibits contains the very statements Plaintiff challenges and relied upon in framing the complaint, and each therefore should be considered.  D.I. 50 at 2–6, 8.  Plaintiff cites Exhibits 6 and 14 for their reporting on the challenged statements (¶ 154) and Exhibit 7 for repeating and relying on those statements (¶ 134).  Exhibits 27, 36, and 46 are analyst reports containing statements Plaintiff attributes to the Tapestry Defendants (¶¶ 115, 136, 160).  Plaintiff cannot selectively rely on these documents while seeking to exclude their full context from consideration.

*Second*, these six exhibits are also judicially noticeable.  Documents are judicially noticeable where they contain facts "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be

---

[3] Moreover, although the Tapestry Defendants do not offer the exhibits for their truth, documents that are incorporated may be used for their truth where not offered to "resolve factual disputes." *Doe v. Princeton Univ.*, 30 F.4th 335, 343 n.8 (3d Cir. 2022) (citing *Khoja*, 899 F.3d at 1014).

MDSU 10518120.v1

questioned." Fed. R. Evid. 201(b). Plaintiff offers no explanation for how the contents of these documents are "reasonably disputable," and cites no case supporting exclusion. *See* D.I. 59 at 5–8. Plaintiff cites *Snap* and *Thoratec*, but both involved a "truth-on-the-market" defense not raised here. *See In re Snap Inc. Sec. Litig.*, 2018 WL 2972528, at *4 n.12 (C.D. Cal. June 7, 2018) (rejecting judicial notice of news articles to demonstrate what "was already known to the public"); *In re Thoratec Corp. Sec. Litig.*, 2006 WL 1305226, at *4 (N.D. Cal. May 11, 2006) (similar). Other cases cited by Plaintiff involved attempts to use documents for the truth of disputed facts. *See Khoja*, 899 F.3d at 1000; *Hall v. Johnson & Johnson*, 2019 WL 7207491, at *11 (D.N.J. Dec. 27, 2019); *Behrens v. Arconic, Inc.*, 429 F. Supp. 3d 43, 48 n.9 (E.D. Pa. 2019); *Shupe v. Rocket Companies, Inc.*, 660 F. Supp. 3d 647, 663–65 (E.D. Mich. 2023); *In re PTC Therapeutics, Inc. Sec. Litig.,* 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017)[4]; *Dang v. Amarin Corp. plc*, 750 F. Supp. 3d 431, 455–56 (D.N.J. 2024).[5] That is not the case here.

As detailed below, the Tapestry Defendants offer Exhibits 6, 7, 14, 27, 36, and 46 not to resolve any factual disputes, but rather for the proper purpose of demonstrating the context of the excerpted statements Plaintiff challenges, notably the presence of cautionary language accompanying the challenged statements. *See* D.I. 49 at 5, 7, 16, App. A. Courts routinely permit such use. *See, e.g.*, *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 503 n.14 (E.D. Pa. 2018) (considering the cautionary language in documents extrinsic to complaint); *In re Amarin Corp. PLC Sec. Litig.*, 2021 WL 1171669, at *8–9 (D.N.J. Mar. 29, 2021) (similar); *see also Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401

---

[4] Moreover, the analyst reports in *PTC Therapeutics* were not only from a different company but also post-dated the class period, which was dispositive. *See* 2017 WL 3705801, at *3 n.5.
[5] *In re New Century TRS Holdings, Inc.*, is unhelpful because the movant there failed to explain why judicial notice was appropriate. 502 B.R. 416, 423 (D. Del. 2013).

MDSU 10518120.v1

n.15 (3d Cir. 2006) (noticing newspaper articles); *Merck Co.*, 2006 WL 8460903, at *5 (noticing analyst reports). Plaintiff's objections to each of these six exhibits fail.

**Exhibit 6**. Plaintiff argues that the Tapestry Defendants improperly use Exhibit 6, an April 2024 Bloomberg article, for the fact that the FTC and DOJ had recently brought the highest number of merger challenges, that the regulators had mixed success in those cases, and as evidence that the market understood the merger was an "evolving risk." D.I. 59 at 5–6. But the Tapestry Defendants do not seek to offer Exhibit 6 for its truth or to demonstrate what the market understood. *See* D.I. 49 at 5. It is irrelevant whether the FTC and DOJ had recently brought the "highest number of merger challenges," or what the regulators' track records were in merger challenges. Ex. 6 at 2. What matters is that cautionary language was supplied. *See Khoja*, 899 F.3d at 1004 (incorporating reports "to demonstrate how analysts positively reacted . . . upon release of the allegedly misleading" statements). Plaintiff's objection to this exhibit thus fails.

**Exhibit 7**. Plaintiff argues that the Tapestry Defendants cite Exhibit 7, a February 2024 TD Cowen analyst report, "for the truth of their analysis of the relevant market definition." D.I. 59 at 7–8, 11. Not so. The Tapestry Defendants cite it in response to Plaintiff's allegation that "numerous analysts issued reports . . . rel[ying] on Defendants' misstatements" to inform investors that analysts "continue[d] to believe the deal w[ould] close." ¶ 134. They seek to include the exhibit for the cautionary language that accompanied those statements, which put investors on notice of the prospect that the FTC may not approve the Transaction. D.I. 49 at 5.

**Exhibit 14**. Plaintiff argues that the Opening Brief omitted language from Exhibit 14, an April 2024 Reuters article. D.I. 59 at 6–7. But the Tapestry Defendants included the entire article in the exhibit, so whether they cited only a portion of it is immaterial. *See* D.I. 49 at 16. Moreover, it is no reason to exclude the exhibit. *See Favell v. Univ. of S. Cal.*, 2023 WL

MDSU 10518120.v1

10406551, at *8 n.6 (C.D. Cal. July 5, 2023) ("[T]ak[ing] issue with [defendant's] *use* of the document . . . goes to the merits of [the] motion, not whether the document can be incorporated . . . ."); *ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, 2021 WL 9219452, at *1–2 (S.D. Fla. Nov. 15, 2021) (same for judicial notice).[6]  In any event, the exhibit is used for a proper purpose.  The Tapestry Defendants highlighted the article's caution that "investors are skeptical of the deal winning approval," D.I. 49 at 16, in response to Plaintiff's allegation that the article reported Ms. Crevoiserat's statement, "[w]e see the FTC as fundamentally misunderstanding the marketplace and the way consumers shop today," ¶ 151.  Thus, they seek to include the exhibit for the proper purpose of showing its cautionary language.  *Egalet Corp.*, 340 F. Supp. 3d at 503 n.14; *Amarin Corp.*, 2021 WL 1171669, at *8.

**Exhibit 27**.  Plaintiff argues that the Tapestry Defendants selectively quote from Exhibit 27, an August 2023 Guggenheim report.  D.I. 59 at 10.  But again, this has no bearing on whether the document is incorporated by reference or judicially noticeable.  *See Favell*, 2023 WL 10406551, at *8 n.6; *ECB USA*, 2021 WL 9219452, at *1–2.  The Tapestry Defendants cite this report for the proposition that investors were presented with cautionary language accompanying the forward-looking statements.  D.I. 49 App. A ("Risks . . . include . . . an inability to execute transformation/acquisition[.]").  They did so in response to Plaintiff's allegation that the report described Tapestry's statement, "[t]he companies operate in an

---

[6] Despite filing a 30-page opposition, D.I. 55, Plaintiff improperly raises merits-based arguments in its Opposition to the Tapestry RJN that do not appear anywhere in its Opposition to the Tapestry Defendants' Motion to Dismiss.  *E.g.*, D.I. 59 at 10 n.3 (arguing third-party journalists cannot provide cautionary language), *id.* at 13 n.4 (arguing proper inference from internal presentation), *id.* at 15 & n.5 (arguing interpretation of pricing presentation).  Not only are these arguments irrelevant to whether the Court can consider the Tapestry Defendants' exhibits, but they are also abandoned.  *See Schultz v. Midland Credit Mgmt., Inc.*, 2019 WL 2083302, at *8 n.4 (D.N.J. May 13, 2019) ("[A]rguments not raised in opposition briefs [are] abandoned[.]").

attractive, growing, global, highly fragmented market." ¶ 115. Plaintiff also argues that Exhibit 27 should be excluded because the cautionary language is vague. D.I. 59 at 10 (citing *Khoja*, 899 F.3d at 1000 (rejecting judicial notice when "there is a reasonable dispute as to what the [document] establishes")). But that is no reason to refuse a request to incorporate a document by reference. And *Khoja*'s holding on judicial notice is distinguishable because the defendant offered the document for its truth. 899 F.3d at 1000.

**Exhibits 36 and 46**. Plaintiff argues that Exhibit 36, a March 2024 TAG analyst report, and Exhibit 46, a May 2024 Morgan Stanley report, are both too "vague" for the Court to consider them, though Plaintiff does not explain what that means or how it would preclude consideration. D.I. 59 at 10–11. According to Plaintiff, Exhibit 36 does not specify which government action posed the risks the article warned about, and Exhibit 46 "does not qualify as meaningful and sufficiently tailored cautionary language." *Id*. Again, this is a merits argument. *See Favell*, 2023 WL 10406551, at *8 n.6; *ECB USA*, 2021 WL 9219452, at *1–2. In any event, Plaintiff cited both of these reports for their challenged statements: "[t]he company remains confident in completing the CPRI acquisition," ¶ 136 (quoting Ex. 36), and "'[t]ransaction commitment permeated mgmt. responses throughout conference meetings,'" ¶ 160 (quoting Ex. 46). And these documents are properly before the Court to show that investors were informed of the potential risks of government action. *Amarin Corp.*, 2021 WL 1171669, at *8.

**B.     Two Exhibits (13 and 15) Are Incorporated by Reference**

Exhibits 13 and 15, company presentations used in the FTC Litigation, are expressly invoked by Plaintiff in the Complaint to support its theory that Tapestry knowingly pursued an allegedly anticompetitive acquisition. *See* ¶¶ 47, 63, 65–68, 96. Here, the Tapestry Defendants offer additional slides from the *same presentations* that Plaintiff relies upon to provide fuller context for assessing those allegations. *See* D.I. 49 at 24. This additional context demonstrates

what an individual's state of mind would have been upon receiving the presentations, and it raises a competing inference as to the purpose for which the Tapestry Defendants sought to enter the Transaction and their beliefs regarding likely approval. *See* D.I. 49 at 26–28. The Court may thus consider the exhibits. Indeed, courts routinely incorporate documents used to frame scienter allegations when, as here, they are not used to "dispute facts stated in a well-pleaded complaint, but instead provide a basis for Defendant[s'] arguments that Plaintiff[] inaccurately characterize[d] the documents or portions of the documents" supposedly supporting its scienter allegations. *Pampena v. Musk*, 705 F. Supp. 3d 1018, 1038–39 (N.D. Cal. 2023); *see, e.g.*, *id.* (incorporating document because plaintiffs "rel[ied] on alleged admissions" made therein "as evidence of [d]efendant's scienter"); *Pirani v. Netflix, Inc.*, 710 F. Supp. 3d 756, 766 (N.D. Cal. 2024) (similar); *see also Alger Dynamic Opportunities Fund v. Acadia Pharms., Inc.*, 756 F. Supp. 3d 852, 877 (S.D. Cal. 2024) (considering incorporated document for "competing inference . . . that [d]efendants did not intentionally or recklessly mislead investors").

**Exhibit 13.** Plaintiff argues that the Tapestry Defendants rely on Exhibit 13, excerpts from an August 2022 presentation, for its truth. D.I. 59 at 14. But the Tapestry Defendants seek to include Exhibit 13 to show that, in reviewing the document, Ms. Crevoiserat would have perceived that the Tapestry Defendants tracked competitors—*i.e.*, Exhibit 13 suggests a competing inference against scienter. *See* D.I. 49 at 26–27. Plaintiff challenges that purpose, D.I. 59 at 14, but as discussed, courts routinely permit the use of incorporated documents to provide context. In addition, Plaintiff argues that the exhibit "does not undermine [its] allegations," *id.* at 15, but this is no reason for the Court to exclude this exhibit.

**Exhibit 15**. Plaintiff argues that the Court cannot consider Exhibit 15 because the Tapestry Defendants (i) offer a different slide than the one included in the Complaint, (ii) cite it

8

for its truth; and (iii) use it for a merits-based defense.  D.I. 59 at 12–13.  These arguments fail.

*First*, Plaintiff argues that Exhibit 15 should be excluded because the exhibit references a "different slide" than that included in the Complaint, and Plaintiff therefore was not on notice of the exhibit for it to be incorporated by reference.  D.I. 59 at 12–13.  But Plaintiff acknowledges that the document was a trial exhibit in the FTC Litigation (¶ 47 n.32) obtained via FOIA (¶ 177), and it cited the *entire* exhibit (PX1542) without attaching the specific slide (¶¶ 47 n.32, 63 n.87).  The incorporation by reference doctrine is intended to apply in exactly this situation:  it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja*, 899 F.3d at 1002; *see also Conductive Techs., Inc. v. PNC Bank, Nat'l Assoc.*, 737 F. Supp. 3d 270, 277 (M.D. Pa. 2024) (plaintiff "cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them"); *In re Hertz Global Holdings, Inc. Sec. Litig.*, 2015 WL 4469143, at *10 n.8 (D.N.J. July 22, 2015) (plaintiff must "not cherry-pick snippets to create 'questions of fact' about context").[7]

*Second*, Plaintiff takes issue with the inferences the Tapestry Defendants draw from Exhibit 15 and argues that the Tapestry Defendants cite it for its truth.  D.I. 59 at 12.  Specifically, Plaintiff objects to how the Tapestry Defendants refer to its discussion of increasing consumers' willingness to pay by increasing products' valuing attributes.  *Id.*; *see* D.I. 49 at 28.  Plaintiff argues that "willingness to pay" could mean "testing how much customers are willing to pay . . . so that Tapestry could increase prices."  D.I. 59 at 12 (emphases omitted).  The Tapestry

---

[7] Plaintiff also argues that Exhibit 15 does not mention Michael Kors, which is pertinent to the Tapestry Defendants' argument, and this is reason to exclude it.  D.I. 59 at 12.  But the Complaint itself acknowledges that the presentation "compared pricing for 'accessible luxury handbag' brands Coach, Kate Spade, Tory Burch, Michael Kors, and Marc Jacobs."  ¶ 63.

Defendants use this not for its truth, but to permit the Court to assess the sufficiency of Plaintiff's scienter allegations in the face of a compelling opposite inference. *See Alger Dynamic*, 756 F. Supp. 3d at 877. In any event, this is a merits argument (not raised in Plaintiff's opposition) irrelevant to incorporation by reference. *See Favell*, 2023 WL 10406551, at *8 n.6.

*Finally*, Plaintiff argues that the Tapestry Defendants improperly cite Exhibit 15 to "counter Plaintiffs' allegations that Defendants knew the [Transaction] would reduce competition and allow Tapestry to raise prices." D.I. 59 at 12–13. But suggesting a competing inference of scienter is a proper purpose for which courts consider incorporated documents. *See Alger Dynamic*, 756 F. Supp. 3d at 877. Plaintiff's reliance on *Hall* for the proposition that the Tapestry Defendants cannot use the incorporation-by-reference doctrine to make a "substantive merits-based defense," is misplaced. D.I. 59 at 12–13 (citing 2019 WL 720749). There, unlike here, the defendant introduced scientific documents not cited in the complaint and offered them for their truth to dispute the merits. *See Hall*, 2019 WL 7207491, at *11.

### C.    One Exhibit (9) is Judicially Noticeable

The remaining challenged exhibit is judicially noticeable and used for a proper purpose.

**Exhibit 9**. Exhibit 9, Tapestry's Answer in the FTC Litigation, is judicially noticeable and offered to show statements in a court filing. *See Takata v. Riot Blockchain, Inc.*, 2023 WL 7133219, at *1 n.2 (D.N.J. Aug. 25, 2023) (noticing court filings for the purpose of "establish[ing] the existence of those records and the statements contained therein"). Moreover, the background information the Tapestry Defendants seek to notice—regulatory approvals—is already alleged in the Complaint. *See, e.g.*, ¶ 149 (noting other regulators approved the deal).

### CONCLUSION

The Court should grant the Tapestry Defendants' Request for Judicial Notice.

10

Dated: October 27, 2025

**Of Counsel:**

Timothy Perla
Sonia Sujanani
WILMER CUTLER PICKERING
  HALE & DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 233-6766
timothy.perla@wilmerhale.com
sonia.sujanani@wilmerhale.com

Jessica Lewis
WILMER CUTLER PICKERING
  HALE & DORR LLP
2600 El Camino Real
Palo Alto, CA 94306
Telephone: (628) 235-1160
jessica.lewis@wilmerhale.com

<u>/s/ Thomas A. Uebler</u>
Thomas A. Uebler (#5074)
Terisa A. Shoremount (#7113)
MCCOLLOM D'EMILIO SMITH
  UEBLER LLC
2751 Centerville Road, Suite 401
Wilmington, DE 19808
(302) 468-5960
tuebler@mdsulaw.com
tshoremount@mdsulaw.com

*Counsel for Defendants Tapestry, Inc.,*
*Joanne C. Crevoiserat, and Scott A. Roe*

MDSU 10518120.v1